# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE REYES,<br><br>          Petitioner,<br><br>     v.<br><br>BEN CURRY, Warden,<br><br>          Respondent. | 1:08-cv-00953-TAG HC<br><br>ORDER TO SHOW CAUSE WHY THE PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED PURSUANT TO 28 U.S.C. § 2244(d)(1)<br><br>ORDER FOR RESPONDENT TO FILE RESPONSE WITHIN TWENTY DAYS |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition on June 3, 2008 in the United States District Court for the Central District of California. (Doc. 1). On July 1, 2008, the United States District Judge assigned the case in the Central District ordered the case transferred to this Court. (Doc. 5). On July 9, 2008, the case was opened in this case with the above case number. (Doc. 6). In the petition, Petitioner challenges a 1995 conviction in the Tulare County Superior Court for possession of heroin and his resulting Three Strikes sentence of twenty-five years to life. (Doc. 1, pp. 1-2).

Previously, in United States District Court, Eastern District of California Case No. 1:04-cv-06571-OWW-TAG, Petitioner challenged the same sentence and conviction in this Court. In that earlier case, Respondent filed a motion to dismiss the petition on the grounds that the petition had not been filed within the one-year period mandated by 28 U.S.C. 2244(d)(1). (Doc. 16 in Case No. 1:04-cv-06571-OWW-TAG). On July 24, 2008, the Court issued Findings and Recommendations to grant Respondent's motion to dismiss. (Doc. 24 in Case No. 1:04-cv-06571-OWW-TAG). On

1

September 10, 2008, the District Judge adopted the Magistrate Judge's Findings and Recommendations, dismissed the petition, and entered judgment against Petitioner.  (Docs. 25 & 26 in Case No. 1:04-cv-06571-OWW-TAG).

## DISCUSSION

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc).  The instant petition was originally filed on June 3, 2008, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by

State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. In this case, the petition for review was denied by the California Supreme Court on January 10, 2001. Thus, direct review would conclude on April 10, 2001, when the ninety day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would have one year from April 11, 2001, or until April 11, 2002, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.

As mentioned, the petition was not filed until June 3, 2008, over six years *after* the limitation period would have expired. Thus, unless Petitioner is entitled to statutory tolling, the petition is untimely.

C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[1] Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or

3

1   (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321,
2   1323 (10th Cir. 1999). The Court reasoned that tolling the limitations period during the time a
3   petitioner is preparing his petition to file at the next appellate level reinforces the need to present all
4   claims to the state courts first and will prevent the premature filing of federal petitions out of concern
5   that the limitation period will end before all claims can be presented to the state supreme court. Id. at
6   1005. However, the limitations period is not tolled for the time such an application is pending in
7   federal court. Duncan v. Walker, 121 S.Ct. 2120, 2129 (2001).

8   This statutory tolling will apply if a state petition has been "properly filed." Artuz v. Bennett,
9   531 U.S. 4, 8 (2000)(holding that a properly filed state application complies with the applicable laws
10  and rules governing filings, including the form of the application and time limitations). A state
11  habeas petition is "pending" during a full round of review in the state courts, a period that includes
12  the time between a lower court decision and filing a new petition in a higher court as long as those
13  intervals are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-224 (2002).

14  In Delhomme v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003), the Ninth Circuit held that a
15  petitioner begins a separate round of review "each time [he] files a new habeas petition at the same
16  or a lower level" of the state court system. See also Nino, 183 F.3d at 1006-1007 (intervals tolled
17  between state court's disposition of a state habeas petition and the filing of "a petition at the next
18  state appellate level."). There is no tolling for the period between sets or "rounds" of state habeas
19  petitions. Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003)(no tolling once California Supreme Court
20  denied review); see also Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002)(no tolling during gap
21  between first set of state petitions and second). Nor is a petitioner entitled to continuous tolling
22  when the later petition raises unrelated claims. Gaston v. Palmer, 447 F.3d 1165 (9th Cir. 2006).
23  However, if the state supreme court denies a petition for failure to allege with sufficient particularity
24  facts warranting habeas relief and allows amendment to comply, petitioner will be entitled to tolling
25  for the period between denial and commencement of next series of petitions if the subsequent
26  petitions are limited to an elaboration of the facts relating to the claims in the first petition and the

---

may instead file an original habeas petition in the Supreme Court. See, id.

second petition is not denied as untimely. King v. Roe, 340 F.3d 821 (9th Cir. 2003).

The limitations period is not tolled for the period between finality of the appeal and the filing of an application for post-conviction or other collateral review in state court since no state court application is "pending." Nino, 183 F.3d at 1006-1007. Nor is there tolling between finality and the filing of a federal petition. Id. at 1007. And, as mentioned previously, the one-year period is not tolled during the pendency of a federal petition. Duncan, 533 U.S. at 181-182.[1]

Here, the record filed in Case No. 1:04-cv-6571-OWW-TAG, in which this identical issue was analyzed upon identical facts, discloses that Petitioner filed the following state habeas petitions: (1) petition filed in the Superior Court of Tulare County on July 31, 1996, and denied on August 1, 1996 (Lodged Documents ("LD") 5, 6);[2] (2) petition filed in the Tulare County Superior Court on September 8, 1997 and denied on October 24, 1997 (LD 7, 8); (3) petition filed in the California Court of Appeal, Fifth Appellate District ("5th DCA") on July 6, 1998, and denied on July 10, 1998; (4) petition filed in the Superior Court of Tulare County on December 14, 2001 and denied on December 21, 2001 (LD 11, 12); (5) petition filed in the 5th DCA on January 17, 2002 and denied on January 21, 2002 (LD 13, 14); and (6) petition filed in the California Supreme Court on March 27, 2002 and denied on September 18, 2002 (LD 15, 16).[3]

---

[1] Thus, although Petitioner's earlier case, Case No. 1:04-cv-06571 OWW TAG, was pending in the U.S. District Court for the Central District of California and in this Court from November 15, 2002, until judgment was entered on September 10, 2008, the one-year limitation period for the instant petition was not tolled during any of that time period as a result of the pendency of the earlier petition. In other words, any tolling to which Petitioner is entitled in this case must derive from properly filed state petitions or, as will be explained *infra*, equitable tolling.

[2] In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (Citing Rule 6 of the Federal Rules of Civil Procedure).

[3] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), *aff'd*, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court, and this Court's own case files, are both subject to judicial notice. References to the Lodged Documents filed in Case No. 1:04-cv-6571-OWW-TAG, which form the only relevant record presently available to the Court in this case, will be cited as "LD page."

For tolling purposes, the first three petitions are irrelevant since they were filed and denied prior to the commencement of the one-year limitations period; hence, they can have no tolling effect. As discussed, the tolling period commenced on April 11, 2001 and Petitioner did not file his petition until June 3, 2008, a period of 2,610 days. Since the one-year period provides for only 365 untolled days, that leaves the petition untimely by 2,245 days. If the three latter state petitions were "properly filed" under the AEDPA, their combined number of days pending, i.e., days statutorily tolled, would only amount to 219 days. Thus, assuming, arguendo, that the latter three petitions were timely, and even with the benefit of such statutory tolling for the pendency of those three petitions, the instant petition would still be untimely by 2,026, or by more than five years. Put another way, there is no combination of statutory tolling entitlements in this record upon which sufficient tolling can be predicated to make the instant petition timely under the AEDPA. Thus, unless Petitioner is entitled to equitable tolling, the petition is untimely and must be dismissed.

### D. Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998)(*citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1997)). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Id.; Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Here, Petitioner has not alleged, and the Court cannot discern, any credible grounds to support a finding of equitable tolling. Accordingly, the petition is late by 2,026 days and should therefore be dismissed.[4]

---

[4] In Woods v. Carey, 525 F.3d 886 (9th Cir. 2008), the Ninth Circuit held that, under certain circumstances, if a pro se petitioner files a habeas petition during the pendency of a previous petition, the district court should construe the second petition as a motion to amend the previous petition. Woods, 525 F.3d at 889-890. In this case, the Court has serious doubts that Petitioner had any intention of attempting to amend the petition in case no. 1:04-cv-06571-OWW-TAG by the filing of the instant petition. First, when he filed the instant petition on June 3, 2008, he did so in the U.S. District Court for the Central District of California, despite being aware that his prior petition had been transferred from the Central District to this Court in 2004. Thus, Petitioner was aware that this Court, not the Central District, was the proper forum for his claims challenging the 1995 conviction. Second, in the earlier case, Respondent had filed a motion to dismiss the petition on February 1, 2008, thus alerting Petitioner to the significant statute of limitations problem he faced in that case and the probability that his petition would soon be dismissed. Finally, Petitioner had already amended his petition in the earlier case

6

However, before the Court summarily dismisses a petition it must afford Petitioner an opportunity to respond. Accordingly, the Court orders Petitioner to show cause in writing within thirty days why the petition should not be dismissed as untimely under the AEDPA. If the Court is not satisfied with Petitioner's response, the Court will *sua sponte* issue an order denying the petition as untimely.

**ORDER**

For the foregoing reasons, it is HEREBY ORDERED that Petitioner shall file a Response to this Order to Show Cause within twenty (20) days of the date of service of this Order, explaining in

///

---

on several occasions, so he was well aware of how to amend his petition and, more importantly, in what court to amend his petition. The fact that he chose to file the instant petition in the Central District while the earlier petition was in the process of being dismissed for untimely in this Court suggests that Petitioner was not acting in good faith and was attempting to have a second "bite at the apple," rather than genuinely seeking to amend his prior earlier petition

However, notwithstanding the Court's reservations on that point, Woods appears to require the Court to construe a "second or successive" petition filed while an earlier petition is still pending in the district court as a motion to amend the earlier petition. That situation is complicated now by the fact that the Court has already dismissed the earlier petition and judgment has been entered, a result partially dictated by Petitioner's decision to file the instant petition in the Central District instead of in this Court. At this juncture, the Court has no authority to reopen the earlier case, and Woods does not address the very practical problem with which the Court is now faced. However, in order to give effect to the Ninth Circuit's reasoning in Woods, in addition to the Court's grave concerns about the timeliness of this petition, the Court will also, alternatively, follow the Ninth Circuit's dictate by attempting to construct the instant petition as a motion to amend the prior petition in case no. 1:04-cv-6571-OWW-TAG.

In so doing, the Court denies the motion to amend. A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases. Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is required for all other amendments. Rule Civ. P. 15(a). Here, Petitioner had already amended his earlier petition and Respondent had filed a response. Thus, leave of Court is required for any amendment. In deciding whether to allow an amendment, the Court may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin v. Calderon, 59 F.3d 815, 844-45 (9th Cir.1995) (applying Rule 15(a) in a habeas case).

Here, Petitioner's construed motion to amend fails to meet any of the above criteria. First, as mentioned above, Petitioner has, in the Court's view, acted in bad faith by filing a second petition in the Central District while his earlier petition in this Court was being dismissed for timeliness problems. Second, Petitioner has provided no explanation for waiting from February 1, 2008, when the motion to dismiss was filed in the earlier case, until June 3, 2008, when the instant petition was filed, in order to seek leave to "amend" his petition. Third, Respondent has already been prejudiced by having to file a lengthy motion to dismiss in the earlier case based on the same allegations and same facts, and should not have to respond a second time to the same defective allegations. Fourth, the amended petition would be futile since, as discussed above, the earlier petition was dismissed for untimeliness. Assuming, arguendo, that any amendment would relate back to the amended petition in the earlier case, it would be untimely for the same reasons set out in the Findings and Recommendations dismissing the earlier case. Finally, Petitioner had already amended his petition in the earlier case on several occasions and, obviously, Respondent had filed a responsive pleading, i.e., a motion to dismiss. Therefore, Petitioner has had ample opportunity to lay his claims before a federal court. Considering the instant petition as a motion to amend, the Court, for all the reasons set forth above, would deny that motion to amend.

1  writing why the instant petition for writ of habeas corpus should not be summarily dismissed as
2  untimely under 28 U.S.C. § 2244(d)(1).

4  IT IS SO ORDERED.
5  Dated:   **October 7, 2008**                                      **/s/ Theresa A. Goldner**
                                                                    UNITED STATES MAGISTRATE JUDGE