1

2

3

4

5

6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

9

| | |
|---|---|
| JOE REYES, | )    1:08-cv-00953-TAG HC |
| | ) |
|         Petitioner, | )    ORDER DISMISSING PETITION |
| | )    FOR WRIT OF HABEAS CORPUS |
|    v. | )    FOR VIOLATION OF THE ONE-YEAR |
| | )    STATUTE OF LIMITATIONS  (Doc.1) |
| | ) |
| BEN CURRY, Warden, | )    ORDER DIRECTING CLERK OF COURT |
| | )    TO ENTER JUDGMENT AND CLOSE FILE |
|         Respondent. | ) |
| _____ | )    ORDER DENYING PETITIONER'S |
| |    MOTION FOR EXTENSION OF TIME TO |
| |    FILE TRAVERSE (Doc. 4) |

**PROCEDURAL HISTORY**

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction of the United States Magistrate Judge.  (Doc.  10).

Petitioner filed the instant petition on June 3, 2008 in the United States District Court for the Central District of California.  (Doc. 1).  On that same date, Petitioner inexplicably filed a motion for extension of time to file a "traverse," despite the fact that no scheduling order had been issued and no answer had been filed by Respondent.  On July 1, 2008, the United States District Judge assigned to the case in the Central District ordered the case transferred to this Court.  (Doc. 5).  On July 9, 2008, the case was opened in this case with the above case number.  (Doc. 6).  In the petition, Petitioner challenges a 1995 conviction in the Tulare County Superior Court for possession of heroin and his resulting Three Strikes sentence of twenty-five years to life.  (Doc. 1, pp. 1-2).

1

1      Previously, in Case No. 1:04-cv-06571-OWW-TAG, Petitioner challenged the same sentence

2 and conviction in this Court.  In that earlier case, Respondent filed a motion to dismiss the petition

3 on the grounds that the petition had not been filed within the one-year period mandated by 28 U.S.C.

4 2244(d)(1).  (Doc. 16).  On July 24, 2008, the Court issued findings and recommendations to grant

5 Respondent's motion to dismiss.  (Doc. 24).  On September 10, 2008, the District Judge adopted the

6 Magistrate Judge's findings and recommendations, dismissed the petition, and entered judgment

7 against Petitioner.  (Docs. 25 & 26).

8      In this case, the Court, on October 8, 2008, issued an order to show cause why the petition

9 should not be dismissed as untimely. (Doc. 11).  Petitioner was afforded twenty days within which to

10 file a response.  To date, he has not done so.

11 **DISCUSSION**

12    A.  <u>Preliminary Review of Petition</u>

13      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

14 if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not

15 entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The

16 Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas

17 corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or

18 after an answer to the petition has been filed.  <u>Herbst v. Cook</u>, 260 F.3d 1039 (9th Cir. 2001).  In

19 <u>Herbst</u>, the Ninth Circuit concluded that a district court may dismiss *sua sponte* a habeas petition on

20 statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent

21 to dismiss and an opportunity to respond.  <u>Herbst</u>, 260 F. 3d at 1041-1042.  By issuing an order to

22 show cause and affording Petitioner an opportunity to respond to the order to show cause, the Court

23 has provided Petitioner with adequate notice and an opportunity to respond.

24    B.  <u>Limitation Period for Filing a Petition for Writ of Habeas Corpus</u>

25      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

26 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

27 corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 326, 117 S. Ct. 2059

28 (1997).  The instant petition was originally filed on June 3, 2008, and thus, it is subject to the

2

1  provisions of the AEDPA.

2      The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

3  petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)

4  reads:

5          (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
       corpus by a person in custody pursuant to the judgment of a State court.  The
6       limitation period shall run from the latest of –

7              (A) the date on which the judgment became final by the conclusion of direct
           review or the expiration of the time for seeking such review;
8
               (B) the date on which the impediment to filing an application created by
9          State action in violation of the Constitution or laws of the United States is removed, if
           the applicant was prevented from filing by such State action;
10
               (C) the date on which the constitutional right asserted was initially recognized by
11         the Supreme Court, if the right has been newly recognized by the Supreme Court and made
           retroactively applicable to cases on collateral review; or
12
               (D) the date on which the factual predicate of the claim or claims presented
13         could have been discovered through the exercise of due diligence.

14         (2) The time during which a properly filed application for State post-conviction or
       other collateral review with respect to the pertinent judgment or claim is pending shall
15     not be counted toward any period of limitation under this subsection.

16  28 U.S.C. § 2244(d).

17      In most cases, the limitation period begins running on the date that the petitioner's direct

18  review became final.  In this case, the petition for review was denied by the California Supreme

19  Court on January 10, 2001.  Thus, direct review would conclude on April 10, 2001, when the ninety

20  day period for seeking review in the United States Supreme Court expired.  Bowen v. Roe, 188 F.3d

21  1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would

22  have one year from April 11, 2001, or until April 11, 2002, absent applicable tolling, in which to file

23  his federal petition for writ of habeas corpus.

24      As mentioned, the petition was not filed until June 3, 2008, over six years *after* the limitation

25  period would have expired.  Thus, unless Petitioner is entitled to statutory tolling, the petition is

26  untimely.

27  ///

28  ///

1       C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

2          Under the AEDPA, the statute of limitations is tolled during the time that a  properly filed

3    application for state post-conviction or other collateral review is pending in state court.  28 U.S.C.

4    § 2244(d)(2).  A properly filed application is one that complies with the applicable laws and rules

5    governing filings, including the form of the application and time limitations.  Artuz v. Bennett, 531

6    U.S. 4, 8, 121 S. Ct. 361 (2000).  An application is pending during the time that "a California

7    petitioner completes a full round of [state] collateral review," so long as there is no unreasonable

8    delay in the intervals between a lower court decision and the filing of a petition in a higher court.

9    Delhomme v. Ramirez, 340 F. 3d 817, 819 (9th Cir. 2003)(internal quotation marks and citations

10   omitted); see Evans v. Chavis,  546 U.S. 189, 193-194, 126 S. Ct. 846 (2006); see Carey v. Saffold,

11   536 U.S. 214, 220, 222-226, 122 S. Ct. 2134 (2002); see also, Nino v. Galaza, 183 F.3d 1003, 1006

12   (9th Cir. 1999).

13         There are circumstances and periods of time when no statutory tolling is allowed.  For

14   example, no statutory tolling is allowed for the period of time between finality of an appeal and the

15   filing of an application for post-conviction or other collateral review in state court, because no state

16   court application is "pending" during that time.  Nino, 183 F.3d at 1006-1007.  Similarly, no

17   statutory tolling is allowed for the period between finality of an appeal and the filing of a federal

18   petition.  Nino, 183 F. 3d at 1007.  In addition, the limitation period is not tolled during the time that

19   a federal habeas petition is pending.  Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120

20   (2001); see also, Fail v. Hubbard, 315 F. 3d 1059, 1060 (9th Cir. 2001)(as amended on December 16,

21   2002).  Further, a petitioner is not entitled to statutory tolling where the limitation period has already

22   run prior to filing a state habeas petition.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)

23   ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the

24   state petition was filed.");  Jiminez v. Rice, 276 F. 3d 478, 482 (9th Cir. 2001).  Finally, a petitioner

25   is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims.  See

26   Gaston v. Palmer, 447 F.3d 1165, 1166 (9th Cir. 2006).

27   ///

28   ///

4

1   Here, the record filed in Case No. 1:04-cv-6571-OWW-TAG, in which this identical issue

2   was analyzed upon identical facts, discloses that Petitioner filed the following state habeas petitions:

3   (1) petition filed in the Superior Court of Tulare County on July 31, 1996, and denied on August 1,

4   1996 (Lodged Documents ("LD") 5, 6);[1] (2) petition filed in the Tulare County Superior Court on

5   September 8, 1997 and denied on October 24, 1997 (LD 7, 8); (3) petition filed in the California

6   Court of Appeal, Fifth Appellate District ("5th DCA") on July 6, 1998, and denied on July 10, 1998;

7   (4) petition filed in the Superior Court of Tulare County on December 14, 2001 and denied on

8   December 21, 2001 (LD 11, 12); (5) petition filed in the 5th DCA on January 17, 2002 and denied on

9   January 21, 2002 (LD 13, 14); and (6) petition filed in the California Supreme Court on March 27,

10   2002 and denied on September 18, 2002 (LD 15, 16).[2]

11   For tolling purposes, the first three petitions are irrelevant since they were filed and denied

12   *before* the commencement of the one-year limitations period.   A tolling provision has no

13   applicability where the period to be tolled has not commenced.  See Hill v. Keane, 984 F.Supp. 157,

14   159 (E.D.N.Y. 1997), abrogated on other grounds, Bennett v. Artuz, 199 F.3d 116, 122 (2d Cir.

15   1999) (state collateral action filed before commencement of limitations period does not toll

16   limitation period), affirmed, 531 U.S. 4, 121 S.Ct. 361.  Although it may seem self-evident, a

17   properly filed state petition cannot toll a limitation period that, as is the case here, has not even

18   commenced to run.  This is necessarily so because the period of pendency of the state petition, which

19   defines the amount of tolling, and the period of the statute of limitation do not intersect or overlap at

20   _____

21   [1]In computing the running of the statute of limitations, the day an order or judgment becomes final is excluded and time begins to run on the day after the judgment becomes final.  See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir.

22   2001).

23   [2]The court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir.

24   1993). The record of state court proceeding is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. Mullis v. United States Bank. Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); Valerio v. Boise

25   Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D.Cal.1978), aff'd, 645 F.2d 699 (9th Cir.); see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989); Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th. Cir. 1980). As

26   such, the internet website for the California Courts, containing the court system's records for filings in the Court of Appeal and the California Supreme Court, and this Court's own case files, are both subject to judicial notice.  References to the

27   Lodged Documents filed in Case No. 1:04-cv-6571-OWW-TAG, which form the only relevant record presently available to the Court in this case, will be cited as "LD page."

28

5

1  any point.  Thus, the first three state petitions had no tolling implications for Petitioner.

2      As discussed, the tolling period commenced on April 11, 2001 and Petitioner did not file his

3  petition until June 3, 2008, a period of 2,610 days.  Since the one-year period provides for only 365

4  untolled days, that leaves the petition untimely by 2,245 days.   If the three latter state petitions were

5  "properly filed" under the AEDPA, their combined number of days pending, including intervals

6  between petitions, would only amount to 278 days.  Thus, assuming, arguendo, that the latter three

7  petitions were timely, and even with the benefit of such statutory tolling for the pendency of those

8  three petitions and the intervals between petitions, the instant petition would still be untimely by

9  1,967 days, or by more than five years.  Put simply, there is no combination of statutory tolling

10 entitlements in this record upon which sufficient tolling can be predicated to make the instant

11 petition timely under the AEDPA.  Thus, unless Petitioner is entitled to equitable tolling, the petition

12 is untimely and must be dismissed.

13      D.  Equitable Tolling

14      The limitation period is subject to equitable tolling when "extraordinary circumstances

15 beyond a prisoner's control make it impossible to file the petition on time."  Shannon v. Newland,

16 410 F. 3d 1083, 1089-1090 (9th Cir. 2005)(internal quotation marks and citations omitted).  "When

17 external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely

18 claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d

19 1104, 1107 (9th Cir. 1999).  "Generally, a litigant seeking equitable tolling bears the burden of

20 establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some

21 extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct.

22 1807 (2005). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest

23 the exceptions swallow the rule."  Miranda v. Castro, 292 F. 3d 1062, 1066 (9th Cir. 2002)(citation

24 and quotation omitted).  As a consequence, "equitable tolling is unavailable in most cases."  Miles,

25 187 F. 3d at 1107.

26      Here, Petitioner has not alleged, and the Court cannot discern, any credible grounds to

27 support a finding of equitable tolling.  Accordingly, the petition is late by 1,967 days and must

28

1  therefore be dismissed.[3]

2                                    **ORDER**

3            For the foregoing reasons, it is HEREBY ORDERED as follows:

4            1.   The petition for writ of habeas corpus (Doc. 1), is DISMISSED as being in violation of

5

6            [3]In Woods v. Carey, 525 F.3d 886 (9th Cir. 2008), the Ninth Circuit held that, under certain circumstances, if a pro se petitioner files a habeas petition during the pendency of a previous petition, the district court should construe the second petition as a motion to amend the previous petition. Woods, 525 F.3d at 889-890. In this case, the Court has serious doubts that Petitioner had any intention of attempting to amend the petition in case no. 1:04-cv-06571-OWW-TAG by the filing of the instant petition. First, when he filed the instant petition on June 3, 2008, he did so in the U.S. District Court for the Central District of California, despite being notified that his prior petition had been transferred from the Central District to this Court in 2004. Thus, Petitioner was aware that this Court, not the Central District, was the proper forum for his claims challenging the 1995 conviction. Second, in the earlier case, Respondent had filed a motion to dismiss the petition on February 1, 2008, thus alerting Petitioner to the significant statute of limitations problem he faced in that case and the probability that his petition would soon be dismissed. Finally, Petitioner had already amended his petition in the earlier case on several occasions, so he was well aware of how to amend his petition and, more importantly, in what court to amend his petition. The fact that he chose to file the instant petition in the Central District while the earlier petition was in the process of being dismissed for untimely in this Court suggests strongly that Petitioner was not acting in good faith and was attempting to have a second "bite at the apple," rather than genuinely seeking to amend his prior earlier petition

13           However, notwithstanding the Court's reservations on that point, Woods appears to require the Court to construe a "second or successive" petition filed while an earlier petition is still pending in the district court as a motion to amend the earlier petition. That situation is complicated now by the fact that the Court has already dismissed the earlier petition and judgment has been entered, a result partially dictated by Petitioner's decision to file the instant petition in the Central District instead of in this Court. At this juncture, the Court has no authority to reopen the earlier case, and Woods does not address the very practical problem with which the Court is now faced. However, in order to give more than mere lip service to the Ninth Circuit's reasoning in Woods, in addition to the Court's grave concerns about the timeliness of this petition, the Court will also, alternatively, follow the Ninth Circuit's dictate by attempting to construe the instant petition as a motion to amend the prior petition in case no. 1:04-cv-6571-OWW-TAG.

             In so doing, the Court denies the motion to amend. A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases. Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Leave of court is required for all other amendments. Rule Civ. P. 15(a). Here, Petitioner had already amended his earlier petition and Respondent had filed a response. Thus, leave of Court is required for any amendment. In deciding whether to allow an amendment, the Court may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin v. Calderon, 59 F.3d 815, 844-45 (9th Cir.1995) (applying Rule 15(a) in a habeas case).

             Here, Petitioner's construed motion to amend fails to meet any of the above criteria. First, as mentioned above, Petitioner has, in the Court's view, acted in bad faith by filing a second petition in the Central District while his earlier petition in this Court was being dismissed for timeliness problems. Second, Petitioner has provided no explanation for waiting from February 1, 2008, when the motion to dismiss was filed in the earlier case, until June 3, 2008, when the instant petition was filed, in order to seek leave to "amend" his petition. Third, Respondent has already been prejudiced by having to file a lengthy motion to dismiss in the earlier case based on the same allegations and same facts, and should not have to respond a second time to the same defective allegations. Fourth, the amended petition would be futile since, as discussed above, the earlier petition was dismissed for untimeliness. Assuming, arguendo, that any amendment would relate back to the amended petition in the earlier case, it would be untimely for the same reasons set out in the Findings and Recommendations dismissing the earlier case. Finally, Petitioner had already amended his petition in the earlier case on several occasions and, obviously, Respondent had filed a responsive pleading, i.e., a motion to dismiss. Therefore, Petitioner has had ample opportunity to lay his claims before a federal court. Considering the instant petition as a motion to amend, the Court, for all the reasons set forth above, denies that motion to amend.

the one-year statute of limitations in 28 U.S.C. § 2244(d);

2.  Petitioner's motion for an extension of time to file a traverse (Doc. 4), is DENIED as MOOT; and

3.  The Clerk of the Court is DIRECTED to enter judgment against Petitioner and close the file.

IT IS SO ORDERED.

Dated:   **February 25, 2009**                              **/s/ Theresa A. Goldner**
                                                            UNITED STATES MAGISTRATE JUDGE

8